**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Jerry James George,<br><br>  Defendant/Movant. | No. CV 09-8226-PCT-MHM (MEA)<br><br>No. CR 05-0709-PCT-MHM<br><br>**ORDER** |

Movant Jerry James George, who is confined in the Federal Medical Center-Butner in Butner, North Carolina, has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc.# 1.) Movant has also filed a motions for leave to proceed *in forma pauperis*, for appointment of counsel, to compel production of documents, and for an evidentiary hearing. (Doc.# 3, 5-7.) The Court will require a response to the § 2255 Motion and will deny Movant's other motions.

**I.  Procedural History**

Movant was convicted by a jury of three counts of aggravated sexual abuse of a minor and one count of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2241(c), 2244(a)(1), and 2246(2)(C) and (3). On May 15, 2007, the Court sentenced Movant to a 236 month term of imprisonment followed by supervised release for life.

Movant alleges four grounds for relief. In Ground One, he alleges that he received ineffective assistance of counsel based on trial counsel's refusal to allow Movant to testify and to provide discovery to him and based on appellate counsel's failure to raise various issues. In Ground Two, Movant alleges violation of his Fourth Amendment right against

illegal search and seizure. In Ground Three, Movant alleges violation of his rights under Miranda v. Arizona, 384 U.S. 436, 444-45 (1966). In Ground Four, Movant alleges prosecutorial misconduct. A response will be required.

**II.    Pending Motions**

As noted above, Movant has filed a motions for leave to proceed *in forma pauperis*, for appointment of counsel, to compel production of documents, and for an evidentiary hearing. (Doc.# 3, 5-7.) The motion for leave to proceed *in forma pauperis* will be denied because there is no filing fee for a § 2255 motion. (Doc.# 3.)

**A.    Appointment of Counsel**

Movant asks the Court to appoint counsel to represent him in connection with his § 2255 Motion. There is no constitutional right to counsel on federal collateral review. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, the Court retains the discretion to appoint counsel to assist Movant if the interests of justice so require. See Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). Movant seeks the appointment of counsel because he is indigent, he is not an attorney, and he has limited access to a law library. Absent more, the Court does not find that the interests of justice require appointment of counsel.

**B.    Motion to Compel**

Movant has filed a motion to compel his trial and appellate counsel, Assistant Federal Public Defender Karen M. Wilkinson, and Anders V. Rosenquist, Jr., respectively, to produce a copy of their case files to Movant. (Doc.# 6.) Movant asserts that he has repeatedly requested a "full copy" of his case file from these attorneys. Movant maintains that he requires a copy of their case files to proceed with his § 2255 motion and to support claims for malpractice and violation of his constitutional rights against them.[1]

The Court will deny Movant's motion to compel. However, it will order Ms. Wilkinson and Mr. Rosenquist to file affidavits addressing whether, when, and how they

---

[1] Movant may not pursue state malpractice or constitutional claims against his former attorneys in connection with his § 2255 Motion.

provided copies of Movant's case file to Movant and the extent to which any portion of their respective case files were not provided to Movant.

### C. Evidentiary Hearing

Finally, Movant requests an evidentiary hearing. Movant's request is premature prior to filing of an answer to the § 2255 Motion. See Rule 8(a), 28 U.S.C. foll. § 2255. Therefore, his motion for evidentiary hearing will be denied without prejudice.[2]

## III. Warnings

### A. Address Changes

Movant must file and serve a notice of a change of address 10 days before a move is effective, if practicable. See LRCiv 83.3(d). Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### B. Copies

Movant must serve Plaintiff, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### C. Possible Dismissal

Movant is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must deliver copies of the § 2255 Motion (doc.# 1), and this Order to the United States Attorney for the District of Arizona.

(2) The United States Attorney for the District of Arizona must answer the § 2255

---

[2] Should an evidentiary hearing be held, Movant will be entitled to the assistance of counsel. Rule 8(c), 28 U.S.C. foll. § 2255.

1 Motion within **sixty (60) days** from the date of service of the § 2255 Motion. The United
2 States Attorney may file an answer limited to relevant affirmative defenses, including but not
3 limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited
4 to affirmative defenses, only those portions of the record relevant to those defenses need be
5 attached to the answer. Failure to set forth an affirmative defense in an answer may be
6 treated as a waiver of the defense. <u>Day v. McDonough</u>, 547 U.S. 198 (2006). If not limited
7 to affirmative defenses, the answer must fully comply with all of the requirements of Rule
8 5 of the Rules Governing § 2255 Cases.

      (3) Movant may file a reply within thirty (30) days from the date of service of the answer.

      (4) Movant's motions to proceed *in forma pauperis*, appoint counsel and compel production and for an evidentiary hearing are **denied**. (Doc.# 3, 5, 6, 7.)

      (5) The Clerk of Court must deliver copies of this Order on Movant's former trial and appellate counsel, Karen M. Wilkinson and Anders V. Rosenquist, Jr., respectively. Ms. Wilkinson and Mr. Rosenquist must each file an affidavit within **30 days** addressing whether, when, and how each has provided copies of Movant's case file to Movant and the extent to which any portion of their respective case files have not been provided to Movant.

      (6) The matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 21st day of February, 2010.

_____
Mary H. Murguia
United States District Judge