IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JERRY JAMES GEORGE,        )<br>                            )<br>    Defendant/Movant,      )<br>                            )     CR  05-00709 PCT MHM<br>    v.                      )     CIV 09-08226 PCT NVW (MEA)<br>                            )<br>UNITED STATES OF AMERICA    )     REPORT AND RECOMMENDATION<br>                            )<br>    Plaintiff/Respondent    )<br>                            )<br>_____ ) | |

**TO THE HONORABLE NEIL V. WAKE:**

       On or about December 14, 2009, Movant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Respondent filed a Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on October 22, 2010. See Doc. 30 ("Response"). Movant filed a reply to the response on December 20, 2010. See Doc. 33.

       **I   Procedural History**

       A complaint filed July 11, 2005, charged Movant with two counts of sexual abuse of a minor under the age of twelve. See Criminal Doc. 1. On July 19, 2005, a federal grand jury in Phoenix, Arizona, returned an eight-count indictment against Movant. See Criminal Doc. 8. Movant was charged with one count of kidnaping (Count 1), in violation of 18 U.S.C. sections 1153 and 1201(a)(2), four counts of aggravated sexual abuse of a minor (Counts 2 through 5), in violation of 18 U.S.C. sections

1153, 2241(c), and 2246(2); and three counts of abusive sexual contact (Counts 6 through 8), in violation of 18 U.S.C. sections 1153, 2244(a)(1), and 2246(3). The alleged victim in Counts 1 through 5 was S.B., an eight-year-old female; the victim in Counts 6 through 8 was D.B., S.B.'s four-year-old sister.

Movant's trial counsel, Ms. Wilkinson, was appointed to represent Movant on July 27, 2005. See Criminal Doc. 13. On October 4, 2005, the government noticed that at Movant's trial the government intended to introduce evidence that Movant confessed to law enforcement agents at the time of his arrest. See Criminal Doc. 20.

Movant's trial counsel filed four motions to continue his trial. On March 14, 2006, counsel filed a motion to suppress evidence arising from a search of Movant's truck at the time of his arrest, arguing Movant's consent to the search was not voluntary. The motion sought a voluntariness hearing regarding the search of Movant's truck and regarding Movant's confession at the time of his arrest. After conducting a hearing, the Court took under advisement the motion to suppress the evidence of the confession and the evidence resulting from the search of the truck. See Criminal Doc. 85. The motion to suppress was denied on August 11, 2006. See Criminal Doc. 99.

Movant's jury trial began on November 28, 2006. See Criminal Doc. 160. At the end of the day on November 29, 2006, the Court inquired of defense counsel as to whether Movant would be testifying. Counsel responded: "Don't know yet judge."

Response, Exh. A.[1]  The government rested on November 30, 2006. On that day, outside the presence of the jury, the Court asked defense counsel if Movant would testify.  After conferring with Movant, counsel informed the Court that Movant would not testify.  Id., Exh. A at 4.

The jury returned a verdict on the afternoon of December 1, 2006, finding Movant guilty of Counts 2, 3, 5 and 6, and not guilty on the charge of kidnapping (Count 1), and not guilty of Counts 4, 7 and 8.  On or about December 13, 2006, Movant sent a letter to the Court stating that he had wished to testify at his trial and that his counsel had prevented him from testifying.  Id., Exh. B.

Movant sought to change counsel prior to sentencing. Id., Exh. B & Exh. D.  A hearing was conducted by the Court on December 19, 2006, with regard to the motion to change counsel. At the hearing Movant's trial counsel averred that, after conducting a mock trial session, she and another attorney had advised Movant not to testify at his trial.  Id., Exh. D. Counsel averred she had not prevented Movant from testifying, but she advised the Court that, because Movant had apparently lost faith in her, the motion to change counsel should be granted.  At the hearing the Court noted that, during Movant's trial, on the second occasion on which the Court had inquired about Movant testifying, Movant had visibly indicated he would

---

[1] It is not completely clear from the limited transcript provided by Respondents that the jury was not present at the time of this interchange, however, the Magistrate Judge presumes the jury was not present at the time of this query as it appears to have occurred at the very end of the day when counsel and the Court were discussing the scheduling of closing arguments and jury instructions.

-3-

not testify by shaking his head. Id., Exh. D at 9-10. At the conclusion of the hearing, after allowing Movant to address the Court, the Court granted the motion to change counsel.

On May 15, 2007, the Court sentenced Movant to concurrent terms of imprisonment of 236 months on Counts 2, 3 and 5, and to a concurrent term of 120 months imprisonment on Count 6, to be followed by concurrent life terms of supervised release on each count of conviction. The Court also imposed a special assessment and ordered restitution.

Movant initiated a timely direct appeal of his conviction and sentences. In his direct appeal Movant asserted that: (1) his right to due process was violated by the Court's refusal to dismiss the jury panel after several prospective jurors saw him in shackles; (2) the victims' statements that Movant had hurt them, detailed in the testimony of the victims' mother, were inadmissible hearsay; (3) the admission of a victim's statement to a nurse that Movant had inappropriately touched the victim, introduced through the nurse's testimony, was inadmissible hearsay; (4) the Court erred by denying a motion to preclude proffered testimony regarding the victims' brother and the brother's sexual contact with the victims; (5) the Court violated Movant's constitutional rights by allowing the introduction as evidence of photographs of one victim's medical examination, the introduction of testimony of FBI agents, and a victim's testimony; (6) the Court committed manifest injustice by denying the defense's motion to strike a victim's testimony; and (7) there was insufficient evidence to support the convictions.

Movant's conviction was affirmed by the Ninth Circuit Court of Appeals on August 14, 2008. See United States v. George, 291 Fed. App. 803 (9th Cir. 2008). A petition for certiorari was denied December 1, 2008. See George v. United States, 129 S. Ct. 659.

In this section 2255 action Movant asserts he was denied his Sixth Amendment right to the effective assistance of trial counsel. *Inter alia*, Movant contends his trial counsel prevented him from testifying at his trial. Movant also alleges he was subjected to an unreasonable search and seizure. Movant further avers that he never waived his Miranda rights or signed such a waiver and that he never consented to the taking of a DNA sample. Movant alleges that testimony to the contrary regarding the waiver of his rights was perjured and that the waiver form produced by the government was a forgery. Additionally, Movant asserts he is entitled to relief from his convictions because of prosecutorial misconduct, i.e., he alleges that the prosecutor knowingly presented perjured testimony.

Respondents argue Movant has not established that he was denied his right to the effective assistance of counsel. Attached to the response to the section 2255 motion is a letter from Movant's trial counsel dated October 1, 2010. Counsel avers that, had Movant testified at his trial, Movant would have testified that the FBI planted a plastic bag in his truck that was introduced at Movant's trial as evidence seized from the truck. Response, Exh. F.

**II Analysis**

Relief is precluded on a section 2255 claim that was raised and decided in the movant's direct appeal. See, e.g., United States v. Scrivner, 189 F.3d 825, 282 (9th Cir. 1999); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985); Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972).

Additionally, because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal," Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998), absent a showing of cause and prejudice, a section 2255 movant procedurally defaults all claims which were not raised in his direct appeal, other than claims asserting the movant was deprived of the effective assistance of counsel. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594. See also United States v. Ratigan, 351 F.3d 957, 964 (9th Cir. 2003). The alleged ineffective assistance of appellate counsel does not establish cause for the default of claims if the claims the movant asserts his counsel was ineffective for not asserting would not have succeeded on appeal. See United States v. Withers, ___ F.3d ___, 2011 WL

6184, at *6 (9th Cir.).[2] See also United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."). To constitute cause and prejudice for the default of a claim by failing to raise it in a direct appeal, an appellate counsel's error must itself rise to the level of an ineffective assistance of counsel claim, i.e., appellate counsel's error must be both deficient performance and prejudicial. See, e.g., United States v. Challoner, 583 F.3d 745, 749 (10th Cir. 2009).

In reply to the answer to his section 2255 motion, Movant asserts he was intoxicated at the time of the crimes, that he could not fully consent to the search of his truck

---

[2]
    Withers claimed that his appellate counsel was ineffective-a claim that, if successful, would satisfy the cause requirement that is necessary to overcome procedural default. [] To establish ineffective assistance of counsel, Withers must show that his "counsel's representation fell below an objective standard of reasonableness," and that there is a "reasonable probability" that the deficient performance prejudiced the defense. []
  Assuming that Withers's public trial claim was viable-as we must because the record contains no indication that the closure of the courtroom satisfied constitutional requirements-appellate counsel's failure to raise it likely fell below an objective standard of reasonableness. ... []. Because Withers's public trial claim is not palpably incredible or patently frivolous, neither is his claim that his appellate counsel performed deficiently by failing to raise it on direct review.
  Withers's claim that there is a "reasonable probability" that his appellate counsel's failure to raise this claim prejudiced him is similarly not palpably incredible or patently frivolous. Again assuming that his public trial claim was viable, his counsel's failure to raise it almost certainly prejudiced him: Because violation of the public trial right is a structural error, Withers would have been entitled to automatic reversal of his conviction and a new trial had he established a violation. []
(internal citations omitted).

-7-

because the truck was also owned by his wife, and that he was denied his right to a speedy trial. Movant contends his trial was purposefully delayed by the government until after Movant's wife died because the wife would have testified that Movant did not consent to the search of the truck. Additionally, Movant avers his wife would have testified that the FBI did not retrieve evidence from Movant's truck. Movant argues that the transcripts provided by Respondent indicate he wished to testify at his trial. Movant asserts that he was denied his right to the effective assistance of counsel because counsel did not protect his right to a speedy trial and because counsel refused to do the things Movant asked her to do. In his reply Movant also contends his appellate counsel was unconstitutionally ineffective because counsel did not raise arguments Movant thought would be successful.

Movant has not presented evidence that he is entitled to a hearing on the merits of his procedurally precluded claims. Movant has not established cause for, nor prejudice arising from, any procedural default of any claims stated in his section 2255 motion which were not raised in his direct appeal. Accordingly, the only claims in Movant's section 2255 which are not precluded by means of procedural default or previous presentation would be Movant's claims of ineffective assistance of counsel.

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was

> unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

In order to find that Movant was deprived of the effective assistance of counsel and grant him habeas relief, the Court must conclude trial counsel's performance was incompetent and that her deficient trial performance prejudiced Movant. Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner, 281 F.3d at 878.[3]

> [N]ot every case of deficient performance under Strickland represents a constructive denial of the right to counsel. In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel. Strickland remains the norm for ineffective assistance claims, and the Supreme Court has made clear that it will not countenance a per-se prejudice exception which will swallow the actual prejudice Strickland rule.

Glover v. Miro, 262 F.3d 268, 276-77 (4th Cir. 2001). See also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United States v. Cruz-Mendoza, 147 F.3d 1069, 1072 (9th Cir. 1998).

---

[3] The Magistrate Judge further notes that a District Court judge's finding regarding the credibility of a movant in a prior proceeding is entitled to exceptional deference. See Gant v. United States, ___ F.3d ___, 2010 WL 5019968, at *4 (7th Cir.) (regarding the District Court's finding that a movant was not credible when they averred they had directed counsel to file an appeal upon resentencing and counsel contradicted that statement)

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." Id., 466 U.S. at 689, 104 S. Ct. at 2065. See also Carter v. Lee, 283 F.3d 240, 248-49 (4th Cir. 2002). There is a "strong presumption" that trial counsel's conduct and strategy falls "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

With regard to the prejudice prong of the Strickland analysis, the probability of prejudice may not be based merely upon conjecture or speculation. See Mickens v. Taylor, 535 U.S. 162, 175-76, 122 S. Ct. 1237, 1246 (2002) (Kennedy, J. concurrence). A criminal defendant is prejudiced by counsel's conduct when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94, 104 S. Ct. at 2067-68 (noting further that errors are not prejudicial if they only have "some conceivable effect on the outcome of the proceeding").

The decision whether or not to testify in his own defense was Movant's alone. See, e.g., Rock v. Arkansas, 483 U.S. 44, 51-53, 107 S. Ct. 2704, 2708-10 (1987); United States

v. Curtis, 742 F.2d 1070, 1076 (7th Cir. 1984). "It cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice." United States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002); Brown v. Artuz, 124 F.3d 73, 80 (2d Cir. 1997); United States v. Ailemen, 710 F. Supp. 2d 960, 969-70 (N.D. Cal. 2008). Although the decision as to whether a criminal defendant will testify at trial rests with the defendant, not defense counsel, Chang v. United States, 250 F.3d 79, 82-83 (2d Cir. 2001), it is proper for defense counsel to give his views and advice as to the advisability of testifying at trial. Brown, 124 F.3d at 79 ("counsel should always advise the defendant about the benefits and hazards of testifying and not testifying, and may strongly advise the course that counsel thinks best").

The record in this matter indicates that, as a matter of fact, counsel did not prohibit Movant from testifying, it appears that counsel had previously advised Movant about the negative consequences of testifying and that, at the time of his trial, Movant agreed with his counsel that he should not testify. At a hearing conducted after Movant's conviction the Court recalled that, at the conclusion of the trial proceedings, when the Court inquired whether Movant would testify, counsel conferred with Movant and the Court observed Movant shaking his head, indicating that he would not testify.

The Court must entertain a strong presumption that trial counsel adhered to the requirements of professional conduct and left the final decision about whether to testify

with Movant. <u>United States v. Webber</u>, 208 F.3d 545, 551 (6th Cir. 2000). To overcome this presumption, Movant would need to present record evidence that, during his trial he somehow alerted the trial court to his desire to testify. <u>Hodge v. Haeberlin</u>, 579 F.3d 627, 639 (6th Cir. 2009). Movant's present allegations that he wanted to testify and was prevented from doing so do not suffice to overcome the presumption that he assented to the tactical decision that he not testify.

Movant has not established that his counsel prohibited him from testifying, nor has he established that counseling Movant not to testify was deficient performance. Neither has Movant established prejudice. There was substantial evidence against Movant. Although Movant asserts that his testimony would have altered the verdict, after a review of the record and Movant's pleadings the Magistrate Judge concludes that Movant's testimony would not have altered the verdict, given the amount of evidence introduced regarding his guilt. Additionally, the Magistrate Judge notes Movant was not convicted on several counts, indicating his counsel performed competently. Accordingly, Movant has not shown that any alleged "failure" by his counsel in "prohibiting" Movant from testifying, even if factually true, was not prejudicial. <u>See</u> <u>Hodge</u>, 579 F.3d at 639-40.

Additionally, a defendant's acceptance of counsel's advice not to testify involves a matter of trial strategy and "will not be considered ineffective assistance of counsel." <u>Hooks v. Ward</u>, 184 F.3d 1206, 1218-19 (10th Cir. 1999) (providing that if a defendant follows counsel's advice not to

-12-

testify, the defendant cannot later claim ineffective assistance on that ground). Other federal courts have concluded that there is no cognizable federal habeas claim of ineffective assistance of counsel predicated on counsel's advice to the defendant that they not testify. These courts have reasoned that defense counsel's advice concerning whether a defendant should testify in his defense is a fundamental trial decision, which cannot be challenged as evidence of ineffective assistance of counsel. Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). But see United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992).

Although the right to testify is a fundamental right subject only to knowing and intelligent waiver, "waiver of certain fundamental rights can be presumed from a defendant's conduct alone, absent circumstances giving rise to a contrary inference." United State v. Stover, 474 F.3d 904, 908 (6th Cir. 2007). Notably, Movant has not stated that he was unaware of his right to testify or that he was somehow prevented from seeking the Court's assistance in overcoming counsel's allegedly unilateral decision prior to the conclusion of his criminal proceedings. "Although the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed." Webber, 208 F.3d at 551.

Movant does not point to anything in the record to support his claim that, prior to the conclusion of his trial, he wanted to testify, nor has he produced any evidence that trial counsel prevented him, rather than counseling him, from testifying at his trial. When initially considering this claim

at the hearing conducted prior to Movant's sentencing, the Court concluded that, based on her observations, Movant had elected not to testify and that counsel had not prevented Movant from testifying.

### III Conclusion

Movant has not established that he was deprived of his constitutional right to the effective assistance of counsel because he offers no evidence his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.

**IT IS THEREFORE RECOMMENDED** that Mr. George's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

1  Failure to timely file objections to any factual or legal
2  determinations of the Magistrate Judge will be considered a
3  waiver of a party's right to de novo appellate consideration of
4  the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114,
5  1121 (9th Cir. 2003) (en banc).  Failure to timely file
6  objections to any factual or legal determinations of the
7  Magistrate Judge will constitute a waiver of a party's right to
8  appellate review of the findings of fact and conclusions of law
9  in an order or judgment entered pursuant to the recommendation
10 of the Magistrate Judge.

11      Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District
12 Court must "issue or deny a certificate of appealability when it
13 enters a final order adverse to the applicant."  The undersigned
14 recommends that, should the Report and Recommendation be adopted
15 and, should Petitioner seek a certificate of appealability, a
16 certificate of appealability should be denied because Petitioner
17 has not made a substantial showing of the denial of a
18 constitutional right as required by 28 U.S.C.A § 2253(c)(2).

19      DATED this 20th day of January, 2011.

_____
Mark E. Aspey
United States Magistrate Judge